IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

GAINESVILLE DIVISION

FILED IN CHAMBERS

NOV 02 2011

James N. Hatten, Clerk

By _____ Deputy Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL ACTION |
| | : | NO. 2:11-MJ-103 |
| SAMUEL J. CRUMP | : | |

## GOVERNMENT'S MOTION FOR DETENTION

Comes now the United States of America, by and through its counsel, Sally Quillian Yates, United States Attorney, and Jeffrey A. Brown, Assistant United States Attorney for the Northern District of Georgia, and pursuant to 18 U.S.C. §§ 3142(e) and (f) moves for detention for the above-captioned defendant.

1.  Eligibility of Case.

     This case is eligible for a detention order because this case involves (check all that apply):

_____     Crime of violence (18 U.S.C. § 3156)

_____     Maximum sentence of life imprisonment or death

_____     10 + year drug offense

_____     Felony,  with two prior convictions in the above categories

_____     Serious risk the defendant will flee

___✗___     Serious risk of obstruction of justice

2.   Reason for Detention.

The Court should detain defendant because there are no conditions of release that will reasonably assure (check one or both):

_____      Defendant's appearance as required

_____✓     Safety of any other person and the community


3.   Rebuttable Presumption.

The United States (will, will not) invoke the rebuttable presumption against defendant under § 3142(e).   (If yes)   The presumption applies because (check one or more):

_____      There is probable cause to believe defendant committed 10 + year drug offense.

_____      There is probable cause to believe defendant committed an offense in which a firearm was used, carried, or possessed under § 924(c).

_____      Defendant has been charged with a federal offense that is described in § 3142(f)(1), and

(1) defendant has been convicted of a Federal offense that is described in § (f)(1)of this section, or of a State or Local offense that would been an offense described in § (f)(1) of this section if a circumstance giving rise to Federal jurisdiction had existed;

(2)   the offense described in paragraph (1) was committed while defendant was on release pending trial for a Federal, State or local offense; and

(3)   A period of not more than five years has elapsed since the date of conviction, or the release of the person from imprisonment, for the offense described in paragraph (1), whichever is later.

_____   [Circle one] This is an offense involving a minor under 18 U.S.C. § 1201, or an offense under 18 U.S.C. § 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423 or 2425.

4.   Time for Detention Hearing.

The United States requests the Court conduct the detention hearing:

_____   At the initial appearance.

___✓___   After continuance of  3  days (not more than 3).

3

The Government requests leave of Court to file a supplemental motion with additional grounds or presumption for detention should this be necessary.

Dated:   this 2nd day of November, 2011.

Respectfully submitted,

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY

JEFFREY A. BROWN
ASSISTANT U.S. ATTORNEY
600 U.S. Courthouse
75 Spring Street, SW
Atlanta, Georgia 30303
(404)581-6064
Ga. Bar No.   088131

4