IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

GAINESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL INDICTMENT |
| v. | : | No. 2:11-CR-044-RWS |
| | : | SUPERSEDING |
| SAMUEL CRUMP and | : | |
| RAY ADAMS | : | |

GOVERNMENT'S REQUESTS TO CHARGE

Comes now the United States of America, by and through counsel, Sally Quillian Yates, United States Attorney for the Northern District of Georgia, and Jeffrey A. Brown and William L. McKinnon, Jr., Assistant United States Attorneys, and hereby submits the following requests to charge. The Government respectfully reserves the right to file additional requests to charge at trial.

Respectfully submitted,

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY

*/s/ William L. McKinnon, Jr.*
WILLIAM L. MCKINNON, JR.
ASSISTANT U.S. ATTORNEY
600 Richard Russell Bldg.
75 Spring Street, S.W.
Atlanta, Georgia     30303
Georgia Bar No. 495812

Government's Request to Charge No. 1

Face Page–Introduction

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find each Defendant guilty beyond a reasonable doubt.

_____

Eleventh Circuit, Pattern Jury Instructions, Criminal Cases, p. 13 (2010).

Government's Request to Charge No. 2(a) (If a Defendant does not Testify)

The Duty to Follow Instructions and the
Presumption of Innocence When a Defendant Does Not Testify

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against either Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against the Defendants isn't evidence of guilt. The law presumes every Defendant is innocent. The Defendants do not have to prove their innocence or produce any evidence at all. A Defendant does not have to testify, and if a Defendant chooses not to testify, you cannot consider that in any way while making your decision. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendants not guilty.

---

Eleventh Circuit, Pattern Jury Instructions, Criminal Cases, p. 15 (2010).

3

<u>Government's Request to Charge No. 2(b) (If a Defendant Testifies)</u>

The Duty to Follow Instructions and the
<u>Presumption of Innocence When a Defendant Does Testify</u>

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against either Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against the Defendants isn't evidence of guilt. The law presumes every Defendant is innocent. The Defendants do not have to prove their innocence or produce any evidence at all. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendants not guilty.

---

Eleventh Circuit, <u>Pattern</u> <u>Jury</u> <u>Instructions</u>, <u>Criminal</u> <u>Cases</u>, p. 14 (2010).

4

<u>Government's Request to Charge No. 3</u>

<u>Definition of "Reasonable Doubt"</u>

The Government's burden of proof is heavy, but it doesn't have to prove each Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that each Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

---

Eleventh Circuit, <u>Pattern Jury Instructions, Criminal Cases</u>, p. 16 (2010).

5

Government's Request to Charge No. 4

Consideration of Direct & Circumstantial Evidence;
Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

---

Eleventh Circuit, <u>Pattern</u> <u>Jury</u> <u>Instructions</u>, <u>Criminal</u> <u>Cases</u>, p. 17 (2010).

Government's Request to Charge No. 5

Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

8

- Did the witness's testimony differ from other testimony or other

  evidence?

---

Eleventh Circuit, <u>Pattern</u> <u>Jury</u> <u>Instructions</u>, <u>Criminal</u> <u>Cases</u>, p. 19 (2010).

Government's Request to Charge No. 6(a) (If the Defendants Do Not Testify)

Impeachment of Witnesses Because of
Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or false statement.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

---

Eleventh Circuit, Pattern Jury Instructions, Criminal Cases, p. 21 (2010).

10

Government's Request to Charge No. 6(b) (If a Defendant Testifies)

Impeachment of Witnesses Because of
Inconsistent Statements (Defendant with No Felony Conviction Testifies)

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or false statement.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

A defendant has a right not to testify. But since the Defendant did testify, you should decide whether you believe the Defendant's testimony in the same way as that of any other witness.

---

Eleventh Circuit, <u>Pattern</u> <u>Jury</u> <u>Instructions</u>, <u>Criminal</u> <u>Cases</u>, p. 25 (2010).

Government's Request to Charge No. 7

Testimony of Informer

You must consider some witnesses' testimony with more caution than others.

For example, a paid informant or a witness who hopes to gain more favorable treatment in his own case may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

Eleventh Circuit, Pattern Jury Instructions Criminal Cases, p. 46 (modified) (2010).

13

Government's Request to Charge No. 8

Expert Witness

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean that you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

_____

Eleventh Circuit, Pattern Jury Instructions, Criminal Cases, p. 29 (2010).

Government's Request to Charge No. 9

Confession or Statement of Multiple Defendants

If the Government offers evidence that a Defendant made a statement or admission to someone after being arrested or detained, you must consider that evidence with caution and great care.

You must decide for yourself (1) whether the Defendant made the statement, and (2) if so, how much weight to give to it. To make these decisions, you must consider all the evidence about the statement—including the circumstances under which it was made.

Any such statement is not evidence about the other Defendant.

---

Eleventh Circuit, Pattern Jury Instructions, Criminal Cases, p. 50 (2010).

Government's Request to Charge No. 10

Introduction to Offense Instructions

The indictment charges three separate crimes, called counts. Each count has a number. You'll be given a copy of the indictment to refer to during your deliberations.

Count One charges that the Defendants conspired with each other and others to knowingly develop, produce, and possess a biological toxin, that is, ricin, for use as a weapon.

Counts Two and Three charge what are called substantive offenses. Specifically, Count Two charges both Defendants with aiding and abetting each other and others to knowingly acquire, retain, and possess a biological toxin, that is ricin, in its naturally occurring environment, for use as a weapon.

Count Three charges Defendant Adams by himself with attempting to develop, produce, and possess, a biological toxin, that is, ricin, for use as a weapon.

I will explain the law governing the substantive offenses in a moment. But first, note that the Defendants are not charged in Count One with committing a substantive offense—they are charged with conspiring to commit an offense.

First, I will give you specific instructions on conspiracy.

_____

Eleventh Circuit, <u>Pattern Jury Instructions</u>, <u>Criminal Cases</u>, p. 30 (2010).

Government's Request to Charge No. 11

General Conspiracy Charge

18 U.S.C. Section 175(a)

It's a Federal crime for anyone to conspire to or agree with someone else to do something that would be a violation of Title 18, United States Code, Section 175(a), if it was actually carried out.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of "partnership" for criminal purposes. Every member of a conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement.

The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

A Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)     two or more people in some way agreed to try to accomplish a shared and unlawful plan;

(2)     the Defendant knew the unlawful purpose of the plan and willfully joined in it.

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan and willfully joined in the plan on at least one occasion, that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy. A person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

_____

Eleventh Circuit, Pattern Jury Instructions, Criminal Cases, pp. 147-48 (2010).

<u>Government's Request to Charge No. 12</u>

18 U.S.C. Section 175(a)

It's a Federal crime for anyone to knowingly acquire, retain, and possess a biological toxin, in this case ricin, in its naturally occurring environment, that had not been extracted from its natural source, in this case castor beans, for use as a weapon. Count Two charges both Defendants with a committing this crime.

A defendant can be found guilty of the crime of knowingly acquiring, retaining, or possessing a biological toxin, that is, ricin, in its naturally occurring environment that had not been extracted from its natural source, that is, castor beans, for use as a weapon only if all of the following facts are proved beyond a reasonable doubt:

(1)     the Defendant acquired, retained, or possessed a biological toxin;

(2)     the Defendant acquired, retained, or possessed the biological toxin for use as a weapon;

(3)     the Defendant did so knowingly as that term is defined in these instructions; and

(4)     ricin in its naturally occurring environment, that has not been extracted from its natural source, that is, castor beans, is a biological toxin.

To acquire, retain, or possess, a biological toxin in its naturally occurring environment, that had not been extracted from its natural source, with the intent to use the toxin as a weapon means to acquire, retain, or possess the toxin with the intent to injure or harm another person or persons. It is not required that the government prove beyond a reasonable doubt that the Defendant intended to kill another person or persons. Furthermore, intent to use a toxin as a weapon does not require the government to prove actual or attempted use of the toxin.

The term "use as a weapon" does not include the development, production, or possession of a toxin for a peaceful purpose.

The term "toxin" means the toxic material or product of a plant, animal, microorganism, bacteria, virus, fungus, or infectious substance, or a recombinant or synthesized molecule, whatever its origin or method of production, including-

(A) any poisonous substance or biological product that may be engineered as a result of biotechnology produced by a living organism; or

(B) any poisonous isomer or biological product, homolog, or derivative of such a substance.

_____

Title 18, United States Code, Sections 175(a) and 178(2).

Government's Request to Charge No. 13

Aiding and Abetting; Agency

18 U.S.C. § 2

It's possible to prove a Defendant guilty of a crime even without evidence that the Defendant personally performed every act charged.

Ordinarily, any act a person can do may be done by directing another person, or "agent."   Or it may be done by acting with or under the direction of others.

A Defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime.

A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person. A Defendant is also responsible if the Defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding that a Defendant is criminally responsible for the acts of another person requires proof that the Defendant intentionally associated with or participated in the crime – not just proof that the Defendant was simply present at the scene of a crime or knew about it.

In other words, you must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

---

Eleventh Circuit, Pattern Jury Instructions, Criminal Cases, p. 57 (2010).

<u>Government's Request to Charge No. 14</u>

18 U.S.C. Section 175(a)

It is a Federal crime for anyone to attempt to violate Title 18, United States Code, Section 175(a), even if the attempt fails. In this case Count Three charges Defendant Adams with attempting to knowingly develop, produce, or possess a biological toxin for use as a weapon, in violation of Title 18, United States Code, Section 175(a).

Defendant Adams can be found guilty of Count Three only if all of the following facts are proved beyond a reasonable doubt:

(1)     That the Defendant knowingly intended to commit the crime of developing, producing, or possessing a biological toxin for use as a weapon; and

(2)     The Defendant's intent was strongly corroborated by his taking a substantial step toward committing the crime.

A substantial step is an important action leading up to committing an offense--not just an inconsequential act. It must be more than simple preparation. It must be an act that would normally result in committing the offense.

25

A defendant can be found guilty of the crime of knowingly developing, producing, or possessing a biological toxin for use as a weapon only if all of the following facts are proved beyond a reasonable doubt:

(1)     the Defendant developed, produced, or possessed a biological toxin;

(2)     the Defendant developed, produced, or possessed the biological toxin for use as a weapon;

(3)     the Defendant did so knowingly as that term is defined in these instructions; and

(4)     ricin is a biological toxin.

To develop, produce, or possess, a toxin with the intent to use the toxin as a weapon means to develop, produce, or possess the toxin with the intent to injure or harm another person or persons. It is not required that the government prove beyond a reasonable doubt that the Defendant intended to kill another person or persons. Furthermore, intent to use a toxin as a weapon does not require the government to prove actual or attempted use of the toxin.

The term "use as a weapon" does not include the development, production, or possession of a toxin for a peaceful purpose.

The term "toxin" means the toxic material or product of a plant, animal, microorganism, bacteria, virus, fungus, or infectious substance, or a

recombinant or synthesized molecule, whatever its origin or method of production, including-

(A) any poisonous substance or biological product that may be engineered as a result of biotechnology produced by a living organism; or

(B) any poisonous isomer or biological product, homolog, or derivative of such a substance.

---

Eleventh Circuit, Pattern Jury Instructions, Criminal Cases, p. 68 (2010); Title 18, United States Code, Sections 175(a) and 178(2).

<u>Government's Request to Charge No. 15</u>

<u>Possession</u>

The law recognizes several kinds of possession. A person may have actual possession, constructive possession, sole possession, or joint possession.

"Actual possession" of a think occurs if a person knowingly has direct physical control of it.

"Constructive possession" of a thing occurs if a person does not have actual possession of it, but has both the power and intention to take control of it later.

"Sole possession" of a thing occurs if a person is the only one to possess it.

"Joint possession" of a thing occurs if two or more people share possession of it.

The term "possession" includes actual, constructive, sole, and joint possession.

_____

Eleventh Circuit, <u>Pattern</u> <u>Jury</u> <u>Instructions</u>, <u>Criminal</u> <u>Cases</u>, p. 56 (2010).

Government's Request to Charge No. 16

On or About; Knowingly; Willfully–Generally

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the crime occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his or her conduct may be violating.

---

Eleventh Circuit, Pattern Jury Instructions, Criminal Cases, p. 31 (2010).

<u>Government's Request to Charge No. 17</u>

<u>Caution: Punishment (Multiple Defendants -- Multiple Counts)</u>

Each count of the indictment charges a separate crime against one or both of the Defendants. You must consider each crime and the evidence relating to it separately. And you must consider the case of each Defendant separately and individually. If you find a Defendant guilty of one crime, that must not affect your verdict for any other crime or the other Defendant.

I caution you that each Defendant is on trial <u>only</u> for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether each Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether a Defendant is guilty. If you find a Defendant guilty, the punishment is for the Judge alone to decide later.

---

Eleventh Circuit, <u>Pattern Jury Instructions</u>, <u>Criminal Cases</u>, p. 39 (2010).

Government's Request to Charge No. 18

Duty to Deliberate

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

---

Eleventh Circuit, Pattern Jury Instructions, Criminal Cases, p. 40 (2010).

Government's Request to Charge No. 19

Verdict

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.


[Explain verdict]


Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.

_____

Eleventh Circuit, Pattern Jury Instructions, Criminal Cases, p. 41 (2010).

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day electronically filed the within and foregoing document with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to all attorneys of record.

This the 3rd day of January, 2014.

<u>*/s/ William L. McKinnon, Jr.*</u>
William L. McKinnon, Jr.
Assistant United States Attorney