# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | | |
|---|---|---|
| SAMUEL J. CRUMP, | : | CIVIL ACTION NO. |
| BOP Reg. # 63258-019, | : | 2:16-CV-00240-RWS |
|     Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 2:11-CR-44-RWS-JCF-3 |
| | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | MOTION TO VACATE |
|     Respondent. | : | 28 U.S.C. § 2255 |

## **ORDER**

This matter is before the Court on the Final Report and Recommendation ("R&R") of Magistrate Judge J. Clay Fuller (Doc. 319), recommending that Movant's 28 U.S.C. § 2255 motion be denied. Movant objects. (Doc. 321 ("Objs.")).

In reviewing a Magistrate Judge's R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). Absent objection, the district court judge "may

accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record" in order to accept the recommendation. Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b). In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a *de novo* review of those portions of the R&R to which Plaintiff objects and has reviewed the remainder of the R&R for plain error. *See United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983).

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass," although "[t]he gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' " *McQuiggin v. Perkins*, 569 U.S. 383, 386, 401 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). "To be credible," a "claim that constitutional error has caused the conviction of an innocent person" must be supported "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. To prevail on such a claim, "the petitioner must

2

show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327.

The R&R discusses in detail the many claims that Movant has raised in these § 2255 proceedings — asserting his actual innocence and alleging ineffective assistance of trial and appellate counsel and various trial court errors — and correctly finds them to be without merit. Movant objects, for the most part, that the government — in conjunction with its confidential informant ("CI"), an allegedly untrustworthy child molester seeking to reduce his state court sentence — manufactured, or allowed the CI to manufacture, the allegedly falsified evidence that was presented to the jury to convict Movant. But the function of these § 2255 proceedings is not to retry Movant's case from the beginning. Although Movant repeatedly *asserts* his innocence, he has not presented any new reliable evidence to *establish* that he is innocent, nor has he suggested what his attorneys might have done differently that would have led to a different outcome at trial or on appeal, other than to be present for the search of his storage unit and to expose the allegedly falsified evidence that was used against him.[1]

---

[1]Movant claims that he was "used as a fall-guy in an investigation that turned up some grumpy old men who[] would not have harmed a soul, but whom the government encouraged, supplied, entrapped, set-up, planted evidence on, and all but led [] by the hands

3

Movant objects to the R&R's treatment of the unsworn statement from his co-defendant Emory Roberts, which Movant has presented in support of his assertion of actual innocence. (Objs. at 2-3; *see* Doc. 318-1). Movant argues that Roberts's statement proves his innocence because it shows that Movant never joined Roberts's militia group. (Objs. at 2-4). But as the R&R correctly points out, Roberts testified to that fact at trial, so this evidence is not new; and Roberts also testified that before the CI's "first meeting with Roberts's militia group, Movant told Roberts that he had been speaking with a different North Georgia militia group about making ricin, and he gave Roberts a castor bean, describing it as 'extremely lethal.' " (*See* R&R at 9-10). In short, Roberts is not a witness whose testimony before this Court supports Movant's assertion of actual innocence.

Movant also objects to the R&R's treatment of the other piece of allegedly new evidence that he has presented in support of his assertion of actual innocence — a report compiled by an alleged expert criticizing the manner in which the FBI handled the investigation into Movant's activities and also criticizing trial counsel's alleged

---

into a fantasy trial concluding with [a] real life [] sentence leading to death in prison for an ill man with one lung." (Objs. at 16). Movant states that he "was never in possession of the items alleged[ly] found in his personal storage. [He] believes that the FBI and [the CI] planted those items since they were found after he was arrested and the FBI was in possession of his keys and not before because he never possessed them." (*Id.*).

4

deficiencies in challenging the results of that investigation, including his failure to engage an expert witness for the defense. (Objs. at 4-5, 7-11). The Court agrees with the Magistrate Judge that this expert report does not constitute evidence, new or otherwise, demonstrating Movant's innocence. (*See* R&R at 7-15).

Movant argues that "[t]he Magistrate Judge[']s ruling and statement are again contrary to the purpose of the [expert's] Investigative Report[, which] is designed to explore the veracity of the evidence, not to determine guilt or innocence." (Objs. at 5). But to make a showing of actual innocence sufficient to overturn the results of his trial, Movant must present exculpatory evidence of a strongly convincing nature, *see McQuiggin*, 569 U.S. 383 at 386, 401, not merely speculation about how the trial evidence against him may have been manufactured or falsified. (*See* Objs. at 6-7 (alleging that "the prosecutor actually conspired with [the CI] to manufacture a crime and case to the detriment of [Movant]")). As the R&R notes, it is not apparent how the CI or his handlers *could have* manufactured or falsified the evidence on the audiotapes used against Movant at his trial, nor does it appear that the CI's FBI handlers offered him a sentence reduction as an incentive to falsify evidence or perjure himself at trial. (*See* R&R at 14 n.1).

Movant states that he "knew the actions of his counsel were deficient because

5

AO 72A
(Rev.8/82)

. . . the audio-video recordings appeared to be altered and the sound track revealed distortions while attempting to identify [his] voice . . . . The Magistrate Judge should have posed the questions: Why is [Movant] only on 1 or 2 recordings when he was supposed to be an active member of the Militia? And [w]here [Movant's] voice allegedly appears, why [did] his one and only response sound like a controlled distorted reply to a question?" (Objs. at 9). But, again, Movant's assertion of actual innocence is unsupported by new, reliable evidence of his innocence. And as the R&R discusses in detail, Movant's trial counsel skillfully attacked each piece of the government's evidence and presented strong character witnesses on Movant's behalf, all in an effort to establish reasonable doubt of Movant's guilt by showing that he was "someone merely blowing off steam at the Government, as older men gathered at the Waffle House are prone to do, but who otherwise was a likeable, honest, law-abiding, non-violent gentleman who talks a lot, but at the end of the day, no action." (R&R at 22 (internal quotations omitted); *see id.* at 20-25; *id.* at 25 (Movant's trial counsel "gave the jury every opportunity to acquit his client, but the jury was entitled to believe the evidence against Movant presented by the Government, and it did. Movant has not pointed to any credible basis for disbelieving the Government's evidence or to any specific action that [trial counsel] took or failed to take that

AO 72A
(Rev.8/82)

prejudiced the outcome of Movant's trial to such an extent that it constituted ineffective assistance of counsel.")).

In sum, Movant's objections are merely a restatement of the arguments he has presented previously concerning his assertion of actual innocence, which lacks the evidentiary support required to prevail.

**CONCLUSION**

For the foregoing reasons, Movant's objections (Doc. 321) are **OVERRULED**; and finding no error, plain or otherwise, in the remainder of the R&R, the Magistrate Judge's Final Report and Recommendation (Doc. 319) is **ADOPTED** as the Opinion and Order of this Court. Movant's 28 U.S.C. § 2255 motion (Docs. 300, 307), motion for summary judgment and for a certificate of appealability (Doc. 308) and Rule 60(b)(4) motion for relief from a void judgement (Doc. 312) are **DENIED**.

**SO ORDERED** this 19th day of January, 2018.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)